# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DANTE KEELING,<br>Petitioner, | Case No. 1:08-cv-231 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, who is currently incarcerated at the Pickaway Correctional Institution in Orient, Ohio, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in 2008 challenging his state custody pursuant to a Hamilton County Common Pleas Court judgment of conviction and sentence, which became final on August 12, 2002. (*See* Doc. 2; *see also* Doc. 15, at PAGEID#: 272-74, 283-84; Doc. 34, at PAGEID#: 385). The facts leading to petitioner's conviction and sentence were summarized as follows by the Ohio Court of Appeals, First Appellate District, based on evidence presented at petitioner's jury trial:[1]

> On March 28, 2001, Troy Davis was in Cincinnati visiting his son. He and a friend went out that night to Sonny's Bar, where they stayed between 2:00 a.m. and 2:30 a.m. Davis consumed about four drinks in the course of the night. On the way home from the bar, Davis's friend left Davis near a restaurant because Davis wanted something to eat. The restaurant was closed, so Davis began walking two blocks to his sister's house, where he was staying while in Cincinnati. As he was leaving the area around the restaurant, he saw a van pull up to the corner and someone get out.

---

[1] The Ohio appellate court summarized the facts in its direct appeal decision filed June 28, 2002. (*See* Doc. 7, Ex. 12). 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless the petitioner rebuts the presumption by "clear and convincing evidence." In the absence of clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted below, the appellate court's findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

> His suspicions aroused, Davis continued walking. As he approached a Quik-Stop convenience store, he heard a voice behind him say, "Hey, dude." When he turned around, a man was holding a gun to his face. Davis stood and stared at his assailant's face. The assailant grabbed Davis by the back of the shirt and strong-armed him to an empty lot, where he made Davis empty his pockets. Davis's money, rings and jewelry were taken out and thrown to the ground. The assailant kept telling Davis to turn around. Davis took two steps and two shots were fired at him. The first shot missed, but the second shot hit Davis in the back, permanently paralyzing him below the chest. Davis is now confined to a wheelchair for the rest of his life.
>
> Cincinnati Police Officer Mary Thompson-Cowan interviewed Davis in the hospital soon after the shooting. Davis described his assailant as a black male dressed in dark clothing, with a "lazy eye." Davis told Officer Thompson-Cowan that he could identify his assailant if he saw him. In an unrelated arrest, a suspect later gave Officer Thompson-Cowan a tip that Keeling had shot Davis. Based on this information and the description Davis had given of his assailant, Officer Thompson-Cowan ordered a computer-generated photographic array that included a photograph of Keeling and photographs of five others with similar characteristics and features. Officer Thompson-Cowan showed the photographic array to Davis and he identified Keeling as his assailant.

(*See* Doc. 7, Ex. 12, at PAGEID#: 141-42). The jury found petitioner guilty of aggravated robbery with firearm specifications, robbery, and felonious assault with firearm specifications. (*Id.*, Ex. 6). Petitioner was sentenced on September 13, 2001 to an aggregate prison term of twenty-one (21) years, which consisted of the following consecutive sentences: ten (10) years for the aggravated robbery offense; three (3) years on merged firearm specifications; and eight (8) years for the felonious assault offense. (*Id.*, Ex. 7).

In the petition filed in 2008, petitioner asserted as grounds for relief that (1) his trial and appellate counsel were ineffective; (2) the trial court erred by failing to suppress identification evidence; (3) the evidence was insufficient to support his conviction on the criminal charges; and (4) his sentence violated the Fifth, Sixth and Fourteenth Amendments. (*See* Doc. 2). On

2

February 12, 2009, the magistrate judge issued a Report and Recommendation to grant the respondent's motion to dismiss the petition on the ground that all of petitioner's claims were barred from review under applicable one-year statutes of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) and § 2244(d)(1)(D). (*See* Doc. 15, at PAGEID#: 283-90). On April 20, 2009, the District Court issued a final order and judgment adopting the Report and Recommendation. (Docs. 20-21). On February 14, 2012, the Sixth Circuit issued a decision affirming the District Court's judgment, and on October 3, 2012, the United States Supreme Court denied petitioner's petition for a writ of certiorari. (Docs. 33, 37).

This matter is now before the Court on petitioner's application filed August 31, 2015 requesting permission "to file a numerically second federal petition for a writ of habeas corpus (Title 28 U.S.C. § 2254) without certification (as unnecessary) under the ripeness doctrine." (Doc. 38). Respondent has filed a brief opposing petitioner's application, and petitioner was permitted to file a brief in reply to respondent's opposition memorandum. (*See* Docs. 39, 41, 44). On October 9, 2015, this matter was referred to the undersigned for Report and Recommendation. (Doc. 42).

As an initial matter, the undersigned questions whether petitioner's application filed in a case that has been closed for nearly three years is the proper procedure for obtaining this Court's permission to file another habeas petition challenging the same conviction and sentence that was attacked in the closed case. In any event, even assuming that the application is properly before this Court for ruling, the undersigned rejects petitioner's argument that authorization from the United States Court of Appeals for the Sixth Circuit is not required with respect to the claims alleged in his "numerically second" federal habeas petition.

3

In his application, petitioner requests permission to bring new claims before this Court stemming from the Ohio Supreme Court's decision in *State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010), as clarified in *State v. Ruff*, 34 N.E.3d 892 (Ohio 2015), regarding the proper interpretation of Ohio Rev. Code § 2941.25, the state's "allied-offenses" statute, which occurred after his conviction became final and his initial habeas petition was dismissed by the District Court as time-barred. (*See* Doc. 38). As petitioner has pointed out in his application (*see* Doc. 38, at PAGEID#: 401), in *State v. Ketterer*, 18 N.E.3d 1199 (Ohio 2014), the Ohio Supreme Court held in accordance with *Ali v. State*, 819 N.E.2d 687 (Ohio 2004), and as distinguished from *Agee v. Russell*, 751 N.E.2d 1043 (Ohio 2001), that *Johnson* does not apply retroactively to judgments that were final before *Johnson* was decided because in *Johnson*, the state's highest court announced "a new rule of law" and did not "merely clarify" the meaning of Ohio Rev. Code § 2941.25 when it "overruled prior case law and changed more than a decade of Ohio allied-offenses jurisprudence." *Ketterer*, 18 N.E.3d at 1201-02 (quoting *Volpe v. Trim*, 708 F.3d 688, 703 (6th Cir. 2013)).

A review of the Hamilton County Clerk of Courts' online docket records reveals that, as petitioner has indicated in his application (*see* Doc. 38, at PAGEID#: 401), petitioner filed a petition for post-conviction relief with the Hamilton County Common Pleas Court on March 20, 2014. In the petition, he asserted that because the purpose of Ohio Rev. Code § 2941.25(A) is to protect the defendant's right "to be free from double jeopardy," he had a right "clearly established" by the United States Supreme Court in *Fiore v. White*, 531 U.S. 225 (2001), and *Bunkley v. Florida*, 538 U.S. 835 (2003), "to the retroactive application of the corrected clarification and interpretation of § 2941.25(A), as announced by *Johnson*, via the collateral-

4

attack doctrine." He also claimed that a contrary decision would violate the Supremacy Clause; that the *res judicata* doctrine did not apply to bar review of a claim that could not be foreseen before *Johnson* was decided; and that Ohio's post-conviction statute allowing for review of untimely petitions only in certain circumstances, Ohio Rev. Code § 2953.23(A)(1)(a), was unconstitutional "on its face and as applied to" him. On March 31, 2014, the Common Pleas Court denied the petition as "untimely" and, alternatively, on the ground that "[t]he First District Court of Appeals has held that an allied-offenses claim does not render a conviction void." On May 13, 2015, the Ohio Court of Appeals affirmed the trial court's judgment.[2]

In the application before this Court, petitioner states that he now wishes to bring the following new claims for relief in a second petition for federal habeas relief:

> Ground One: Keeling has a due process right to have the correct definition of ORC § 2941.25(A) through the 2010 *Johnson* decision [and the 2015 *Ruff* decision] retrospectively applied to his case in accord with the principles set forth in *Fiore*, *Bunkley*, and *Agee*.
>
> Ground Two: The application of *Ali v. State of Ohio* [as applied in *Ohio v. Ketterer*] violates the Supremacy, Due Process, and Equal Protection Clauses of the United States Constitution because said cases directly conflict with the principles announced in *Fiore*, *Bunkley*, and *Agee*.
>
> Ground Three: Any application of the doctrine of *res judicata* to a claim/issue that could not be foreseen violates due process.
>
> Ground Four: ORC § 2953.23(A)(1)(a)&(b) is unconstitutional upon its face and as applied because it contains no statutory provision to bring a collateral challenge in accord with the principles set forth in *Fiore*, *Bunkley*, and *Agee*, and cannot serve as an adequate State corrective process, and circumstances exist that render such process ineffective to protect the rights of the applicant for such styled claims.

---

[2] It appears from the online docket records maintained by the Clerk of the Ohio Supreme Court that petitioner did not pursue a further appeal to the state's highest court in the post-conviction matter.

> Ground Five: A retrospective application of the definitional correction of ORC § 2941.25(A) as announced in the 2010 *Johnson* and 2015 *Ruff* decisions establishes that Keeling's multiple convictions and consecutive sentences for aggravated robbery and felonious assault are in violation of the Double Jeopardy Clause through a proper application of ORC § 2941.25(A); being contrary to and unreasonable application of *Missouri v. Hunter* (1983), 459 U.S. 359.

(Doc. 38, at PAGEID#: 402-03).

Pursuant to 28 U.S.C. § 2244(b)(2), the federal district court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical

procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.,* whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal is considered "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an

adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[3]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). The *Magwood* Court expressly refused to address whether the habeas petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application. *Id.* at 342 (emphasis in original). However, as the Supreme Court went on to note in *Magwood*, 561 U.S. at 342 n.16, several courts, including the Sixth Circuit, have held that the subsequent application is permitted only to the extent that the petitioner complains of errors that "originated at resentencing" which could not have been addressed in the earlier petition. *See, e.g., Lang v. United States*, 474 F.3d 348, 351-53 (6th Cir. 2007) (and cases cited therein); *Ocampo v. United States*, No. 06-20172, 2014 WL 859841, at *3 (E.D. Mich. Mar. 5, 2014) (citing *Lang* and *Ajan v. United States*, 731 F.3d 629 (6th Cir. 2013)), *appeal dismissed*, No. 14-1335 (6th Cir. Apr. 21, 2014); *Barclay v. Tibbles*, No. 5:13cv124, 2014 WL 809197, at *5, *10 (N.D. Ohio Feb. 28,

---

[3] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

2014); *Ellison v. Timmerman-Cooper*, No. 1:10cv595, 2011 WL 7946038, at *2 (S.D. Ohio Sept. 20, 2011) (Merz, M.J.) (Report & Recommendation), *adopted*, 2012 WL 1898629 (S.D. Ohio May 23, 2012) (Spiegel, J.); *see also Banks v. Bunting*, No. 5:13cv1472, 2013 WL 6579036, at *1, *5-7 (N.D. Ohio Dec. 13, 2013) (holding that the petitioner's claim that his "guilty plea was not voluntary and knowing because he was not properly advised regarding the post-release control portion of his sentence" was successive within the meaning of 28 U.S.C. § 2244(b) because the claim "attack[ed] the validity of his underlying conviction rather than any error that arose out of his resentencing hearing" limited to proper imposition of post-release control); *Askew v. Bradshaw*, No. 5:12cv131, 2013 WL 5279357, at *1, *9-11 (N.D. Ohio Sept. 18, 2013) (holding that a habeas petition was successive because the petitioner's claims amounted to an attack on the validity of the petitioner's original conviction and sentence and not his resentencing to the proper term of post-release control), *appeal filed*, No. 13-4171 (6th Cir. Oct. 7, 2013); *Myers v. Coleman*, No. 2:12cv975, 2013 WL 3984282, at *4-6 (S.D. Ohio Aug. 1, 2013) (Abel, M.J.) (Report & Recommendation) (concluding that two grounds for relief were successive because they related to the initial judgment of conviction, rather than petitioner's resentencing, and thus could have been raised in his prior habeas petition), *adopted as modified on other grounds*, 2013 WL 5441755, at *3-4 (S.D. Ohio Sept. 27, 2013) (Frost, J.).

Here, petitioner concedes that the new petition that he seeks to file without the Sixth Circuit's prior authorization relates to the same judgment of conviction and sentence that he challenged in his prior federal habeas petition. It is also clear that the prior petition was denied on the merits. Petitioner contends, however, that he is not required to obtain authorization from the Sixth Circuit before this Court can entertain his "numerically second" petition because his

9

new claims, which stem from the Ohio Supreme Court's 2010 *Johnson* decision, were not ripe when his initial petition was decided. (*See* Doc. 38). Petitioner notes that this Court "recently granted a similar motion on 07/15/15, in <u>Sheppard v. Warden</u>, Case No. 1:08-cv-298" (S.D. Ohio) (Barrett, J.; Merz, M.J.). (*Id.*, at PAGEID#: 400 n.1).

*Sheppard* is directly on point to the case-at-hand as the petitioner in that action filed the same application in a closed case requesting permission to file a "numerically second" federal habeas petition raising the same five grounds for relief that the petitioner in the instant case seeks to present in his new petition. *See Sheppard v. Warden, Pickaway Corr. Inst.*, No. 1:08-cv-298 (S.D. Ohio) (Doc. 38). In *Sheppard*, the magistrate judge granted the petitioner's application without the benefit of any briefing by the respondent. *Id.* (Doc. 40). The magistrate judge concluded that because *Johnson* was decided after final judgment had been entered on March 25, 2010 denying Sheppard's initial petition for federal habeas relief, the new petition did not constitute a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b) because the claims raised in it "were not ripe during the pendency of his first-in-time Petition." *Id.* (Doc. 40, pp. 3-4).

The undersigned agrees that a subsequent petition raising a claim that was unripe at the time the first petition was decided does not constitute a second or successive petition under § 2244(b). *Cf. Panetti v. Quaterman*, 551 U.S. 930, 943-47 (2007) (holding that a petition filed by a death row inmate who claimed that he was mentally incompetent and thus could not be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986), did not constitute a "second or successive" petition because, as the State had acknowledged, the *Ford* claim was "unripe" at the time the petitioner filed his first federal habeas petition challenging his conviction and sentence

and did not become ripe until after the first petition had been decided on the merits); *Petaway v. United States*, __ F. Supp.3d __, No. 3:93CR746, 2015 WL 2365456, at *1 (N.D. Ohio May 18, 2015) (citing *Stewart*, 523 U.S. at 642; *In re Salem*, 631 F.3d 809, 813-15 (6th Cir. 2011)) ("a prisoner may file a second § 2255 motion without the court of appeals'[] permission where 'an event transpired after the initial petition[] w[as] filed . . . which caused a previously unripe claim to mature factually'"); *see also United States v. Obeid*, 707 F.3d 898, 901-02 (7th Cir. 2013) (and cases cited therein); *Stewart v. United States*, 646 F.3d 856, 859-63 (11th Cir. 2011) (and cases cited therein); *Johnson v. Wynder*, 408 F. App'x 616, 618-19 (3rd Cir. 2010).

However, the Supreme Court has also made it clear that a "purported change in the substantive law" cannot "be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the [United States] Supreme Court, that was previously unavailable.'" *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). As the Fifth Circuit explained in *Garcia v. Quaterman*, 573 F.3d 214, 221 (5th Cir. 2009):

> Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition. [The habeas petitioner's] view [of a case as requiring only a showing of unavailability of a claim at the time of his first habeas petition] would permit an end-run around § 2244. The new rule of constitutional law would be non-successive because it was previously unavailable, so no authorization would be required. Were [the petitioner] correct, § 2244(b)(2) would be rendered surplusage.

(Emphasis in original). Therefore, courts have uniformly concluded that claims based on a subsequent change in the law do not pose ripeness concerns and instead require authorization from the circuit courts before they may be raised in a second federal habeas petition. *See, e.g.,*

11

*Johnson*, 408 F. App'x at 619 (holding that the district court properly determined that a habeas petition alleging an actual innocence claim based on a change in state law, which the petitioner argued should be applied retroactively to him, "was a 'second or successive' petition within the meaning of 28 U.S.C. § 2244(b)(2), and therefore [the petitioner] was required to seek leave from our Court before proceeding with that petition"); *Petaway, supra*, 2015 WL 2365456, at *2 (quoting *United States v. Claycomb*, 577 F. App'x 804, 805 (10th Cir. 2014)) ("'[w]hat makes a claim unripe,' at least for purposes of the exception to the bar on second or successive motions, 'is that the factual predicate has not matured, not that the law was unsettled' or has changed"); *Lucero v. Cullen*, No. 2:12-cv-0957-MCE-EFB P, 2014 WL 4546055, at *4-9 (E.D. Cal. Sept. 12, 2014) (holding in light of the "compelling evidence" provided by "the statutory language of § 2244" that the petitioner's "second-in-time" federal habeas petition raising a claim based on an intervening change in state law was a "second or successive" petition under that statute). *Cf. Obeid*, 707 F.3d at 902-03 (pointing out that "courts have been careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition," such as in *In re Page*, 170 F.3d 659, 660-61 (7th Cir. 1999), where the petitioner unsuccessfully sought to renew a claim in a second petition based on a change in state law).

Accordingly, the undersigned similarly concludes in accordance with *Gonzalez* and the statutory language of § 2244 that to the extent that petitioner seeks to assert new claims challenging his convictions and consecutive sentences for aggravated robbery and felonious assault on double jeopardy grounds based on the Ohio Supreme Court's *Johnson* decision, his petition is successive within the meaning of the statute and requires the Sixth Circuit's

authorization before this Court has jurisdiction to consider it.

The more difficult question is whether petitioner may proceed with his claims to the extent that he challenges the state courts' rulings on his post-conviction petition that was filed after his first federal habeas petition was denied. Generally, allegations of deficiencies in a state collateral review proceeding fall outside the scope of federal habeas review because they involve "'collateral matters' as opposed to 'the underlying state conviction giving rise to the prisoner's incarceration.'" *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (quoting *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986)) (involving claim challenging the denial of the opportunity to present recantation evidence in a state post-conviction proceeding); *see also Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002). Furthermore, this Court lacks jurisdiction to consider any claims of error under state law by the Ohio courts in ruling on petitioner's state post-conviction petition. *See* 28 U.S.C. § 2254(a); *see also Wilson v. Corcoran*, 562 U.S. 1, 5-6 (2010) (per curiam) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) ("[I]t is not the province of a federal court to reexamine state-court determinations on state-law questions."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). To the extent petitioner contends error of federal constitutional dimension occurred in the state post-conviction proceedings, his claims are successive under § 2244(b)(2) because they are inextricably tied with his underlying successive claims discussed above essentially challenging the final judgment of conviction and sentence, which has remained in effect since September 2001, in light of the Ohio Supreme Court's 2010 *Johnson* decision. *Cf. Johnson v. Duffy*, 591 F. App'x 629, 630 (9th Cir. 2015) (in case where the petitioner sought to file a second petition due to an amendment to the abstract of judgment after his first petition was dismissed as time-barred, the Ninth Circuit held that (1) the amendment was "not a new

judgment" as described in *Magwood* because the original judgment remained in effect, and (2) the dismissal of the first petition on statute-of-limitations grounds presented a "permanent and incurable bar to federal review of the underlying claims," and thus rendered any subsequent petitions "second or successive"), *cert. denied*, __ S.Ct. __, No. 14-10172, 84 U.S.L.W. 3168 (U.S. Oct. 5, 2015); *Lucero, supra*, 2014 WL 4546055, at *5 (holding that a new state appellate court decision recognizing that error had occurred in the petitioner's criminal trial in light of a subsequent change in state law, but finding that the error was harmless, did not constitute a "new judgment" that exempted the petitioner's second-in-time habeas petition from the "second or successive rule" because, unlike *Magwood*, the original judgment had not been vacated or amended); *see also Carnail v. Bradshaw*, No. 1:12cv1042, 2015 WL 235849, at *10-11 (N.D. Ohio Jan. 16, 2015) (holding that *Magwood* did not apply and that second habeas petition challenging original judgment of conviction was successive even though the post-release control portion of the petitioner's sentence was modified on resentencing after the first habeas petition was denied).

Accordingly, in sum, the undersigned concludes that petitioner's "numerically second" habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b). Therefore, his application to file the petition with this Court without prior authorization from the Sixth Circuit (Doc. 38) should be **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

Petitioner's application filed in this closed habeas case requesting permission "to file a numerically second federal petition for a writ of habeas corpus (Title 28 U.S.C. § 2254) without certification (as unnecessary) under the ripeness doctrine" (Doc. 38) be **DENIED**. Therefore, in

14

accordance with 28 U.S.C. § 2244(b)(3), if petitioner still wishes to proceed with the grounds for relief that he has asserted in his application, he must apply to the Sixth Circuit for an order authorizing this Court to consider his "numerically second" habeas petition.

Date: 10/30/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANTE KEELING,
    Petitioner,

vs

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:08-cv-231

Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc