UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dante Keeling,

      Petitioner,

      v.                                     Case No. 1:08cv231

Warden,                                  Judge Michael R. Barrett
Lebanon Correctional Institution,

      Respondent.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's October 30, 2015 Report and Recommendation recommending that Petitioner's application in this closed habeas case requesting permission "to file a numerically second federal petition for a writ of habeas corpus (tile 28 U.S.C. § 2254) without certification (as unnecessary) under the ripeness doctrine" be denied.  (Doc. 45).  Petitioner filed timely objections to the Magistrate Judge's R&R.  (Doc. 48).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  Petitioner objects to the Magistrate Judge's conclusion that his application be denied.  Petitioner maintains that his petition is based upon newly ripened claims stemming from the Ohio Supreme Court's decision in

*State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010).

Before a district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). Petitioner maintains that he does not need prior authorization from the Sixth Circuit because his new claims were not ripe when his initial petition was decided. However, as the Magistrate Judge explained, courts have uniformly concluded that a subsequent change in the law does not prevent the petition from qualifying as a second or successive petition within the meaning of § 2244(b)(3)(A). Therefore, Petitioner is required to obtain authorization pursuant to § 2244 to file his claims stemming from the *Johnson* decision.

As the Magistrate Judge concluded, this finding applies equally to Petitioner's claims which challenge the state court's rulings on his post-conviction petition that was filed after his first federal habeas petition was denied. To the extent that Petitioner argues that Ohio's post-conviction statute is ineffective to protect his rights, the Magistrate Judge was correct to point out that "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

If a second or successive petition is filed in the district court without § 2244(b)(3) authorization from the court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for

habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Accordingly, the Magistrate Judge's October 30, 2015 Report and Recommendation (Doc. 45) is **ADOPTED**. To the extent that Petitioner's application (Doc. 38) seeks to file a second petition without certification, that portion of the application is **DENIED**. The Clerk of the Court is **DIRECTED** to reopen this case and transfer Petitioner's application to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court